UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN LASPADA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ANTIOCH,<br><br>Defendant. | Case No. 23-cv-01955-RFL  (SK)<br><br>**ORDER REGARDING DISCOVERY DISPUTE ON IME**<br><br>Regarding Docket No. 56 |

Now before the Court is the discovery letter brief on the parties' dispute regarding Plaintiff's failure to appear for independent medical examinations.

**Background**

In this case, Plaintiff Juan Laspada alleges that Defendants Steven Miller and Nicholas Shipilov used excessive force against him and that Plaintiff suffered both physical injuries and emotional distress. (Dkt. Nos. 1, 27.) After the parties stipulated to a mental examination of Plaintiff, the Court entered an Order allowing for an examination to take place over five to seven hours, excluding breaks, which were allowed. (Dkt. Nos. 51, 52.) The order set the physician and location but allowed the parties to determine a mutually agreeable date. (*Id*.) Defendants then sent a notice for the mental examination to take place on August 29, 2024 at 10:00 a.m.[1]

In addition to the mental examination, Defendants served a notice of a physical examination to take place on August 22, 2024. Plaintiff did not object to the examination, but Plaintiff did not appear for the examination. Defendants had received no notice from Plaintiff or counsel about the failure to appear before August 22, 2024, so Defendants contacted Plaintiff's

---

[1] These general facts are set forth in the joint discovery letter brief (Dkt. No. 56), and neither party appears to dispute them. However, where applicable, Plaintiff's additional comments are noted.

counsel after Plaintiff failed to appear.  Plaintiff's counsel stated that the mistake was Plaintiff's counsel's mistake (based on a belief that the mental and physical examinations were not separate) but that Plaintiff would appear on August 29, 2024, for the mental examination.  Plaintiff's counsel now states in the discovery letter brief that Plaintiff did not appear on August 22, 2024 because he had lost his housing, was living in his car, and lacked money for gas or any other form of transportation. (Dkt. No. 56.)

On August 26, 2024, Defendants communicated with Plaintiff's counsel to reschedule the physical examination to September 12, 2024, which was the only date that the examining physician was available before the deadline for expert discovery, and Defendants also sent a formal notice for the examination.

On August 29, 2024, Plaintiff appeared for the mental examination but declared that he had to leave at noon.  Plaintiff thus left after an examination of only two hours.  Plaintiff now argues that he "endured a severe financial hardship in order to appear for his mental examination, but he needed to leave at 12:00 p.m." and that "he was not aware that the evaluation would last up to 4-6 hours."  (Dkt. No. 56.)

Plaintiff did not appear for the physical examination on September 12, 2024.  Plaintiff states that he is "still dealing with chronic homelessness" and was "unable to appear" for the physical examination.  (*Id.*)  Plaintiff provides no further explanation.

**Analysis**

Defendants seek monetary sanctions in the form of cancellation fees for the physician for the physical exam in the amount of $1,950 and an order preventing Plaintiff from presenting evidence of this physical and mental injuries at trial.  Alternatively, Defendants seek an order requiring Plaintiff to appear at his examinations on dates of Defendants' choice and to extend the discovery deadline for expert discovery.

The Court finds that Plaintiff did not proffer valid reasons for missing his physical examinations and for cutting his mental examination short.  Plaintiff now argues that he seeks only "garden variety" emotional distress damages and thus that a mental examination is not appropriate.  However, Plaintiff ignores the stipulation, to which he agreed, providing for a mental examination,

and he ignores the Court's Order which required him to appear for the mental examination.

The Court finds that Defendants' request for exclusionary sanctions at this time is too severe a sanction and that Plaintiff should be afforded an additional opportunity to attend his examinations.  For this reason, the Court ORDERS that the deadline for expert discovery is extended by 30 days and that the parties meet and confer within the next 10 days to propose a new schedule for dispositive motions, pretrial pleadings, and trial.  After that time, the parties should submit either a stipulation or competing schedules to the District Court.  Before the new deadline for expert discovery, the Court ORDERS Plaintiff to appear for his mental examination and his physical examination.  The Court ORDERS the parties to meet and confer in good faith regarding dates, but if they cannot agree, Defendants may choose the dates for the examinations.

With regard to the question of monetary sanctions, the Court ORDERS Plaintiff to SHOW CAUSE why he should not be sanctioned in the amount of $1,950 for his failure to appear for his physical examination, within 7 days of this Order.

**IT IS SO ORDERED**.

Dated: September 26, 2024

_____
SALLIE KIM
United States Magistrate Judge